[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16596
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cv-01124-BJD-PDB

ETHICON, INC.,
DEPUY ORTHOPAEDICS, INC.,

                                        Plaintiffs - Appellees,

versus

LAURA ANGELINI,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 3, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Laura Angelini, a former employee of Ethicon, Inc., and DePuy Orthopaedics, brings this interlocutory appeal of the district court's grant of a motion for preliminary injunction enjoining her from beginning employment in the biosurgery division at Baxter Healthcare. On appeal, Angelini argues that the non-compete underlying the injunction is unenforceable as applied to her because she lacks intimate knowledge of the alleged confidential information that the non-compete seeks to protect. Angelini also argues that the district court lacked authority to grant the motion not only because there was no "actual and imminent" injury but also because the district court failed to hold an evidentiary hearing. After a careful review of the parties' briefs and the record, we agree that an evidentiary hearing was necessary. We vacate and remand for proceedings consistent with this opinion.

Ethicon and DePuy are companies within Johnson and Johnson's (J&J) Medical Device sector. J&J, a multinational conglomerate comprised of more than 260 companies, is the world's largest medical device, consumer products and pharmaceutical company. Its Medical Device sector alone is comprised of several companies, including both Ethicon and DePuy. Ethicon develops, manufactures, and markets biosurgery products that are dedicated to minimizing operation complications for surgical conditions that are difficult to manage through the use of standard surgical techniques. DePuy develops, manufactures, and markets

2

implants and instrumentation for use in orthopedic surgeries that repair and heal the musculoskeletal system.

Angelini has worked in various marketing positions, in various J&J companies, for over 20 years. In her most recent position at J&J, Angelini re-entered the Medical Device sector, after a three-year hiatus, as the Global Platform Leader for Joints at DePuy. At DePuy she was responsible for managing upstream marketing for orthopedic products such as hips, knees, and power drills used in orthopedic surgery. Upon taking this position, Angelini executed an 18-month restrictive covenant that prevents her from performing work for any competitor, of any of J&J's companies, if she could disclose or use confidential information to advantage the competitor and disadvantage J&J. The covenant also contains a New Jersey choice-of-law provision.

Angelini's position as the Global Platform Leader for DePuy gave her access to confidential emails and required her to attend and present at a three-day workshop comprised of presentations by J&J's various Medical Device businesses. Ethicon gave a 20 minute substantive presentation at the workshop, which consisted of pre-read material and other accompanying oral remarks by the presenter regarding confidential information about a number of Ethicon's products. The confidential emails that Angelini received and Ethicon's 20-minute substantive presentation at the workshop are at issue here.

We review a district court's grant of a preliminary injunction for an abuse of discretion, and we review the district court's findings of fact for clear error. *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1246 (11th Cir. 2002). Our review of the district court's application of the law, however, is de novo. *Id.*

"We may reverse the district court's order only if there was a *clear* abuse of discretion." *Siegel v. LePore*, 234 F.3d 1163, 1175 (11th Cir. 2000) (per curiam) (en banc) (emphasis in original). A district court abuses its discretion in granting a preliminary injunction without holding an evidentiary hearing if "the injunction turns on the resolution of bitterly disputed facts" and there is a need "to decide credibility issues." *All Care Nursing Serv. Inc. v. Bethesda Mem'l Hosp. Inc.*, 887 F.2d 1535, 1538 (11th Cir. 1989).

While Angelini's attendance at the workshop is undisputed, the significance of her attendance is disputed. The parties dispute whether Angelini became privy to Ethicon's confidential information through her presence at the workshop and her receipt of some confidential emails. Specifically, the parties dispute the level and scope of Angelini's participation at the workshop and Angelini's familiarity and knowledge of the information in the pre-read materials and the emails. Angelini argues that she is not privy to Ethicon's confidential information because she did not read the pre-read materials or the emails and because she has

4

no recollection of the information provided to her.  Ethicon and DePuy argue that Angelini is privy not only because was she continuously exposed to confidential information in her position at DePuy, but also because she participated in the workshop and asked questions during Ethicon's presentation.

In granting the injunction, the district court abused its discretion by making credibility determinations without an evidentiary hearing.  *See id*.  In determining that Angelini is privy to the confidential information, the court credited the statements of individuals claiming that Angelini participated during Ethicon's presentation, in the face of Angelini's own statement that she paid no attention to either the pre-read materials or the emails.  Indeed, the district court's interpretation of the statements provided is plausible.  Angelini could have been paying close attention to Ethicon's presentation and she could have been actively participating in the sharing of that information, meaning that she is in fact privy to the confidential information at issue.  But the opposite conclusion is just as plausible.  And "[i]n the face of two plausible interpretations of evidence submitted to demonstrate a contested issue, the district court is not at liberty to accept one construction of the evidence and reject the other without the benefit of an evidentiary hearing."  *CBS Broad. Inc. v. EchoStar Commc'n Corp.*, 265 F.3d 1193, 1207–08 (11th Cir. 2001).

**VACATED** and **REMANDED**.

5